BEHANAN, Appellant,

v.

DESCO DISTRIBUTION COMPANY et al., Appellees.

[Cite as *Behanan v. Desco Distrib. Co.* (1994), 98 Ohio App.3d 23.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930582.

Decided Oct. 5, 1994.

24

*Holzman, Holzman & Edington* and *Robert S. Holzman,* for appellant.
*Thomas R. Schoenfeld,* for appellees.

*Per Curiam.*

Plaintiff-appellant Mary Behanan filed the instant complaint for injuries she allegedly sustained while working as a clothes presser at a dry cleaning store. Behanan claimed that while she was ironing a piece of clothing with a hand iron, a Stirmatic press manufactured and distributed by the appellees malfunctioned and severely burned her hand and forearm. Behanan alleged specifically that the machine was defective because a person operating the press, could, as in this case, unintentionally strike two levers that were closely positioned together and cause the press lid to close. After the appellees filed their answers to the complaint, the matter was referred to arbitration, where after a hearing before a panel of three arbitrators, Behanan was awarded $24,939.50. The appellees appealed the arbitrators' decision to the Hamilton County Court of Common Pleas and shortly thereafter moved for summary judgment. The trial court, in an order dated July 18, 1993, ruled that the appellees were entitled to judgment as a matter of law.

In her first assignment of error, Behanan alleges that the trial court erred when it sustained the appellees' motion to strike her affidavit. In support of this assignment, Behanan argues that in consideration of her thirty years of experience working in the dry cleaning business, she was entitled to express her opinion concerning a press that she judged to be unsafe. This assignment is overruled.

Civ.R. 56(E) provides in pertinent part that:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Behanan, in her affidavit, asserted that she was injured because the press was defectively designed in that a safety bar should have been placed in front of

the two levers to prevent the accidental activation of the press lid. Behanan, however, did not state that she possessed any training, degree or advanced knowledge in mechanical engineering or a like field which would have provided her with some appropriate foundation to support her opinion that the press at issue was defectively designed. As we see it, simply working at dry cleaning businesses for many years did not enable her to assess design flaws that may have been embodied in a fairly sophisticated piece of machinery. We hold, therefore, that the trial court properly ruled that Behanan was not competent to testify about the technical design of the Stirmatic press.

In her second assignment of error, Behanan alleges that the trial court erroneously granted the appellees' motion to strike inspection and safety records compiled by the Occupational Safety and Health Administration ("OSHA"). Behanan claims that the documents proved that the press at issue was dangerously defective. This assignment of error is overruled because the use of OSHA regulations to establish that a product was unreasonably dangerous is improper. Congress mandated that OSHA should not provide a basis for civil liability in the Occupational Safety and Health Act, Section 653(b)(4), Title 29, U.S.Code. Moreover, the application of OSHA provisions in this case is inappropriate because those regulations pertain only to the employer's conduct. *Mitchell v. Hyster Co.* (Jan. 24, 1990), Hamilton App. No. C–880626, unreported, 1990 WL 4265; *Dissinger v. Hennessey Co.* (Apr. 16, 1986), Hamilton App. No. C–850292, unreported, 1986 WL 4515.

In her third and fourth assignments of error, Behanan alleges, in essence, that the trial court erred when it entered summary judgment in favor of the appellees. These assignments are overruled.

In a design-defect products liability case, as here, R.C. 2307.75 provides that a product is defective in design or formulation if either of the following applies:

"(1) When it left the control of its manufacturer, the foreseeable risks associated with its design or formulation * * * exceeded the benefits associated with that design or formulation * * *;

"(2) It is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner."

A manufacturer is subject to liability for compensatory damages, under R.C. 2307.73, based on product liability if one of the two "defective design" requirements cited above is demonstrated by the injured party. See *Lorenzen v. Bi–State Ford* (Aug. 5, 1994), Lucas App. No. L–93–337, unreported, 1994 WL 411511.

In the instant case, the record fails to demonstrate that the press at issue was defective. Rather, the evidence, in particular Behanan's deposition, suggests that the safety device on the press was disabled when an unspecified person wedged a piece of cardboard into the left lever of the machine so that it was continuously activated and so that the press operator could engage the lid with one hand. Dr. Max Brown, a mechanical engineer called on behalf of the appellees, opined in his affidavit that the clothing press, in its "as-delivered state," was not defectively designed or distributed to the public in an unsafe condition. Under these circumstances, we conclude that the appellees were entitled to judgment as a matter of law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., GORMAN and M.B. BETTMAN, JJ., concur.